**ORDERED ACCORDINGLY.**

**Dated: December 15, 2016**

**George B. Nielsen, Bankruptcy Judge**

**UNITED STATES BANKRUPTCY**
**DISTRICT ARIZONA**

| | |
|---|---|
| In re<br><br>ACCIPITER COMMUNICATIONS, INC., d/b/a ZONA COMMUNICATIONS,<br><br>Debtor. | Chapter 11<br>Case No. 2:14-bk-04372-GBN<br><br>**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER CONFIRMING SECOND AMENDED CHAPTER 11 PLAN OF REORGANIZATION PROPOSED BY PINPOINT HOLDINGS, INC. AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS** |

Accipiter Communications, Inc. (d/b/a Zona Communications), as debtor and debtor in possession in the above-captioned chapter 11 case (the "**Debtor**"), having:[1]

a. commenced, on March 28, 2014 (the "**Petition Date**"), the above-captioned chapter 11 case (the "**Chapter 11 Case**") by filing a voluntary petition for relief under title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Arizona (the "**Court**");

b. operated its businesses and managed is properties during the Chapter 11 Case as a debtor in possession pursuant to Bankruptcy Code sections 1107(a) and 1108;

The Plan Proponents having:

a. jointly proposed and filed the (i) *First Amended Chapter 11 Plan of Reorganized Proposed by Pinpoint Holdings, Inc. and the Official Committee of Unsecured Creditors*, dated October 25, 2016 [Docket No. 329] (as amended by the *Second Amended Chapter 11 Plan of Reorganized Proposed by Pinpoint Holdings, Inc. and the Official Committee of Unsecured Creditor*, filed on December 12, 2016 [Docket No. 368] and as further modified, amended or supplemented from time to time, the "**Plan")** and (ii) *First Amended Disclosure Statement in Support First Amended Chapter 11 Plan of Reorganized Proposed by Pinpoint Holdings, Inc. and the Official Committee of Unsecured Creditors*, dated October 25, 2016 [Docket No. 331] (the "**Disclosure Statement**");

b. filed, on September 29, 2016, the *Motion for Order: (A) Approving Disclosure Statement; (B) Approving Plan Solicitation Procedures; and (C) Scheduling Confirmation Hearing* [Docket No. 314] (the "**Solicitation Motion**");

c. distributed, on October 3, 2016, the Disclosure Statement and appropriate Solicitation Packages, including those Ballots for those holders of Claims in Classes 3 and 4 entitled to vote on the Plan (the "**Voting Classes**"), in accordance with the terms of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and the Local Rules of Bankruptcy Procedure for the District of Arizona (the "**Local Rules**") and as approved by order of this Court on November 1, 2016 [Docket No. 339] (the "**Disclosure Statement Order**") and as evidenced by the *Certificate of Service* [Docket No. 316];

d. filed and served, on November 2, 2016, the *Notice of Plan Confirmation Hearing* [Docket No. 345] (the "**Confirmation Hearing Notice**"), as evidenced by the *Certificate of Service and Notice of Compliance with Order* [Docket No. 353];

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan, Disclosure Statement or Solicitation Motion (each, as defined below), as applicable. The rules of interpretation set in the Plan shall apply to this Confirmation Order.

e. filed, on November 29, 2016, the *Notice of Proposed Assumption of Certain Executory Contracts and Unexpired Leases and Setting Forth the Cure Amounts* [Docket No. 358] (the "**Cure Notice**"), as evidenced by the *Certificate of Service* filed on November 30, 2016 [Docket No. 359] and the *Supplemental Certificate of Service* filed December 8, 2016 [Docket No. 366];

f. filed, on November 30, 2016, the *Supplement to Chapter 11 Plan of Reorganization Proposed by Pinpoint Holdings, Inc. and the Official Committee of Unsecured Creditors* (the "**Plan Supplement**") [Docket No. 360] and the *Notice of Filing of Supplement to Chapter 11 Plan of Reorganization Proposed by Pinpoint Holdings, Inc. and the Official Committee of Unsecured Creditors* [Docket No. 361] as evidenced by the *Certificate of Service* [Docket No. 365] (collectively with the other affidavits of service referenced in sub-sections (c)-(e) above, the "**Notice Affidavits**");

g. filed, on December 8, 2016, the *Ballot Report* [Docket No. 367], which details the results of the Plan voting process;

h. filed a *Notice of Lodging Prior to Hearing of Proposed Findings of Fact, Conclusions of Law and Order Confirming the Second Amended Chapter 11 Plan of Reorganized Proposed by Pinpoint Holdings, Inc. and the Official Committee of Unsecured Creditors,* on December 12, 2016 [Docket No. 371], with a proposed draft of these *Findings of Fact, Conclusions of Law and Order Confirming the Second Amended Chapter 11 Plan of Reorganized Proposed by Pinpoint Holdings, Inc. and the Official Committee of Unsecured Creditors* (together with all the exhibits hereto, the "**Proposed Confirmation Order**"); and

i. filed, on December 12, 2016, the *Declaration of Bachtiyer Kholmatov in Support of Confirmation of the Second Amended Chapter 11 Plan of Reorganized Proposed by Pinpoint Holdings, Inc. and the Official Committee of Unsecured Creditors* [Docket No. 370] (the "**Kholmatov Declaration**");

The Court having:

a. entered, on November 1, 2016, the Disclosure Statement Order;

b. set December 7, 2016 as the date and time by which any votes on the Plan shall be due (the "**Voting Deadline**"), as set forth in the Disclosure Statement Order;

c. set December 7, 2014 at 5:00 p.m. (Arizona Time), as the date and time by which any objections to Confirmation of the Plan shall be due (the "**Plan Objection Deadline**"), as set forth in the Disclosure Statement Order;

d. set December 14, 2014 at 1:30 p.m. (Arizona Time), as the date and time for the commencement of a hearing to consider confirmation of the Plan, as set forth in the Disclosure Statement Order, and as held on December 14, 2016 at 1:30 p.m. (Arizona Time) (the "**Confirmation Hearing**");

e. reviewed the Plan, the Disclosure Statement, the Plan Supplement, the Ballot Report, the Confirmation Hearing Notice, the Cure Notice, the Notice Affidavits, the Khlomatov Declaration and all filed pleadings, exhibits, statements and comments regarding Confirmation;

f. admitted into evidence the Ballot Report and the Khlomatov Declaration at the Confirmation Hearing;

g. received no objections regarding Confirmation;

h. held the Confirmation Hearing, after due and sufficient notice was given to holders of Claims against, and Equity Interests in, the Debtor and other parties in interest in accordance with the Disclosure Statement Order, the Bankruptcy Code, the Bankruptcy Rules and the Local Rules, in each case as established by the Notice Affidavits;

i. heard statements and arguments made by counsel in respect of Confirmation;

j. considered all oral representations, testimony, documents, filings and other evidence regarding Confirmation at the Confirmation Hearing held on December 14, 2016;

k. ruled on any and all objections to the Plan and the Confirmation Order and all statements and reservations of rights not consensually resolved or withdrawn, unless otherwise indicated; and

l. considered all pleadings and other documents filed, all orders entered, and all evidence and arguments presented in the Chapter 11 Case.

**NOW, THEREFORE,** it appearing to the Court that notice of the Confirmation Hearing and the opportunity for any party in interest to object to Confirmation of the Plan have been adequate and appropriate as to all parties affected or to be affected by the Plan and the transactions contemplated thereby, and the legal and factual bases set forth in the documents filed in support of approval of Confirmation and other evidence presented at the Confirmation Hearing establish just cause for the relief granted herein; and after due deliberation thereon and good cause appearing therefor, the Court makes and issues the following findings of fact and conclusions of law:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

IT IS HEREBY DETERMINED, FOUND AND ADJUDGED THAT:

**A. Findings and Conclusions**

1. The findings and conclusions set forth herein and in the record of the Confirmation Hearing, including the Khlomatov Declaration and the Ballot Report, constitute the Court's findings of fact and conclusions of law under Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014. To the extent any of the following conclusions of law shall be determined to be a finding of fact, it shall be so deemed, or any of the following findings of fact shall be determined to be a conclusion of law, it shall be so deemed.

**B. Jurisdiction, Venue and Core Proceeding**

2. This Court has jurisdiction over the Chapter 11 Case pursuant to 28 U.S.C. §§ 157 and 1334. This Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be approved and confirmed, respectively. Venue is proper in this District and before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The Plan Proponents are proper plan proponents under section 1121(a) of the Bankruptcy Code.

**C. Eligibility for Relief**

3. The Debtor was and is an entity eligible for relief under Bankruptcy Code section 109.

**D. Commencement of the Chapter 11 Case**

4. On the Petition Date, the Debtor commenced a voluntary case under chapter 11 of the Bankruptcy Code. Since the Petition Date, the Debtor has operated its businesses and managed its properties as a debtor in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. No trustee or examiner has been appointed in the Chapter 11 Case.

**E. Objections**

5. Any resolutions of objections to Confirmation explained on the record at the Confirmation Hearing are hereby incorporated by reference. Any and all unresolved objections, statements, informal objections, and reservations of rights, if any, related to the Plan or Confirmation are either resolved or overruled on the merits by this Confirmation Order.

**F. Burden of Proof—Confirmation of the Plan**

6. The Plan Proponents have met their burden of proving the applicable elements of Bankruptcy Code section 1129(a) by a preponderance of the evidence, which is the applicable evidentiary standard for Confirmation.

**G. Notice**

7. Notice of (a) the Plan and the Plan Supplement, (b) the Confirmation Hearing, (c) the Voting Deadline, (d) the Plan Objection Deadline, (e) the entry of the Disclosure Statement Order and (f) the Solicitation Packages has been provided and such notice was adequate and sufficient pursuant to Bankruptcy Code section 1128, Bankruptcy Rules 2002(b), 3017 and 3020, the Disclosure Statement Order and all other applicable law, rules and orders of this Court, and no other or further notice is or shall be required.

**H. Solicitation**

8. As described in the Ballot Report and the Notice Affidavits, as applicable, Ballots to vote to accept or reject the Plan were transmitted and served upon members of the Voting Classes on November 2, 2016, in compliance with the Bankruptcy Code, including sections 1125 and 1126 thereof, the Bankruptcy Rules, including Bankruptcy Rules 3017 and 3018, the Local Rules, the Disclosure Statement Order and any applicable non-bankruptcy law, rule or regulation. Transmission and service of the Solicitation Packages, including the Ballots and the Confirmation and Hearing Notice, were timely, adequate and sufficient. No further notice is required. As evidenced by the mailing of the Solicitation Packages on November 2, 2016 and the Voting Deadline of December 7, 2016, the thirty-five (35) calendar days during which the Plan Proponents solicited acceptances or rejections to the Plan was a reasonable and sufficient

period of time for holders of Claims in the Voting Classes to make an informed decision to accept or reject the Plan.

9. Under Bankruptcy Code section 1126(f) and as approved by the Disclosure Statement Order, the Plan Proponents were not required to solicit votes from holders of Claims in Classes 1 and 2 because such holders are deemed to accept the Plan. In addition, under Bankruptcy Code section 1126(g) and as approved by the Disclosure Statement Order, the Plan Proponents were not required to solicit votes from holders of Equity Interests in Class 5 because such holders are deemed to reject the Plan.

10. As described in and as evidenced by the Ballot Report and the Notice Affidavits, the transmittal and service of the Plan, the Plan Supplement, the Disclosure Statement, the Ballots and the Confirmation Hearing Notice (all of the foregoing, the "**Solicitation**") was timely, adequate and sufficient. The Solicitation complied with the procedures set forth in the Solicitation Motion and approved in the Disclosure Statement Order, was appropriate and satisfactory based upon the circumstances of the Chapter 11 Case, was conducted in good faith, and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any other applicable non-bankruptcy law, rule and regulation. The persons and entities involved in the offer, issuance or purchase of securities under the Plan acted in good faith and in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any other applicable non-bankruptcy law, rule and regulation. The Exculpated Parties (as defined below) are each entitled to the protection of Bankruptcy Code section 1125(e).

**I. Voting**

11. The Ballot Report is hereby approved. As evidenced by the Ballot Report, votes to accept or reject the Plan have been solicited and tabulated fairly, in good faith, and in compliance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the procedures as approved by the Disclosure Statement Order and any applicable non-bankruptcy law, rule and regulation. All Classes identified as not impaired under the Plan are deemed to accept the Plan,

and all Classes identified as impaired under the Plan and not entitled to receive any distribution are deemed to reject the Plan.

**J. Plan Supplement**

12. The Plan Supplement complies with the Bankruptcy Code and the terms of the Plan, and the filing and notice of such documents is good and proper in accordance with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules and the Disclosure Statement Order, and no other or further notice is required. All documents included in the Plan Supplement are integral to, part of, and incorporated by reference into the Plan. Subject to the terms of the Plan, the Plan Proponents reserve the right to amend or modify the Plan Supplement at any time prior to the Effective Date.

**K. Compliance with Bankruptcy Code Requirements—Section 1129(a)(1)**

13. As detailed below, the Plan complies with all applicable provisions of the Bankruptcy Code, thereby satisfying Bankruptcy Code section 1129(a)(1):

a. **Proper Classification—Sections 1122 and 1123(a)(1).** The Plan satisfies the requirements of Bankruptcy Code sections 1122(a) and 1123(a)(1). In addition to Administrative Claims, Professional Fee Claims, and Priority Tax Claims identified in Article II of the Plan, which need not be classified, Article III of the Plan provides for the separate classification of Claims and Equity Interests into five Classes of Claims and Equity Interests. Valid business, factual and legal reasons exist for the separate classification of such Classes of Claims and Equity Interests. The classifications reflect no improper purpose and do not unfairly discriminate between, or among, holders of Claims or Equity Interests. Each Class of Claims and Equity Interests contains only Claims or Interests that are substantially similar to the other Claims or Equity Interests within that Class.

b. **Specified Classes That Are Not Impaired—Section 1123(a)(2).** The Plan satisfies the requirements of Bankruptcy Code section 1123(a)(2). Article III of the Plan specifies that Claims and Equity Interests, as applicable, in the following Classes are not impaired under the Plan within the meaning of Bankruptcy Code section 1124:

| Class | Designation |
|---|---|
| Class 1 | Priority Claims |
| Class 2 | Miscellaneous Secured Claims |

Additionally, Article II of the Plan specifies that Administrative Claims, Professional Fee Claims, and Priority Tax Claims will be paid in full in accordance with the terms of the Plan, although these Claims are not classified under the Plan.

c. **Specified Treatment of Impaired Classes—Section 1123(a)(3).** The Plan satisfies the requirements of Bankruptcy Code section 1123(a)(3). Article III of the Plan specifies the treatment of the following Classes of Claims and Equity Interests, as applicable, that are impaired under the Plan within the meaning of Bankruptcy Code section 1124:

| **Class** | **Designation** |
|---|---|
| Class 3 | RUS Loan Claims |
| Class 4 | General Unsecured Claims |
| Class 5 | Equity Interests and Equity Related Claims |

d. **No Discrimination—Section 1123(a)(4).** The Plan satisfies the requirements of Bankruptcy Code section 1123(a)(4). The Plan provides the same treatment by the Plan Proponents for each Claim or Interest in each respective Class unless the holder of a particular Claim or Interest has agreed to a less favorable treatment of such Claim or Interest.

e. **Adequate Means for Plan Implementation—Section 1123(a)(5).** The Plan satisfies the requirements of Bankruptcy Code section 1123(a)(5). Article IV of the Plan and various other provisions in the Plan, the exhibits and attachments to the Plan, the Plan Supplement and the Disclosure Statement, provide, in detail, adequate and proper means for the Plan's implementation, including regarding: (i) sources of Cash for Plan distributions; (ii) the Exit Facility; (iii) the restructuring transactions to effectuate the Plan; (iv) the formation of the Unsecured Creditor Trust; (v) the Restated Governance Documents, which authorize, among other things, the issuance of the New Common Stock; (vi) the cancellation of all notes, instruments and outstanding Equity Interests; and (vii) the vesting of the property of the Estate free and clear of all Liens and Claims existing before the Effective Date. Moreover, Reorganized Accipiter will have, immediately upon the Effective Date, sufficient Cash to make all payments required to be made on the Effective Date or as soon as reasonably practicable thereafter, pursuant to the terms of the Plan.

f. **Non-Voting Equity Securities—Section 1123(a)(6).** Section 4.05 of the Plan provides that the Restated Governance Documents will include a prohibition on the issuance of non-voting equity securities to the extent required by Bankruptcy Code section 1123(a) and (b). Non-voting equity securities are not being issued under the Plan, thereby satisfying Bankruptcy Code section 1123(a)(6).

g. **Directors and Officers—Section 1123(a)(7).** The Plan satisfies the requirements of Bankruptcy Code section 1123(a)(7). Section 4.11 of the Plan and the Disclosure Statement contain provisions regarding the identity and affiliations of the Initial Board of Directors and the Initial Officers on the Effective Date. The manner of selection of Reorganized Accipiter's Initial Board of Directors and Initial Officers is consistent with the interests of all holders of Claims and Equity Interests and public policy.

h. **Impairment / Unimpairment of Classes—Section 1123(b)(1).** The Plan is consistent with Bankruptcy Code section 1123(b)(1). Under Article III of the Plan each Class of Claims and Equity Interests is impaired or not impaired.

i. **Assumption and Cure of Defaults—Section 1123(b)(2).** The Plan is consistent with Bankruptcy Code section 1123(b)(2). Article V of the Plan provides for the rejection of all executory contracts and unexpired leases other than those executory contracts or unexpired leases that: (i) are designated as an exhibit to the Plan Supplement as assumed; (ii) have been assumed by a separate Final Order of the Bankruptcy Court; (iii) are the subject of a motion to assume pending on the Effective Date; or (iv) are assumed pursuant to the terms of the Plan.

j. **Avoidance Actions, Litigation Claims—Section 1123(b)(3).** The Plan is consistent with Bankruptcy Code section 1123(b)(3). In accordance with Bankruptcy Code section 1123(b)(3)(A), Article VII of the Plan appropriately provides that Avoidance Actions and Litigation Claims are retained and reserved for Reorganized Accipiter, which is designated as the Estate's representative under Bankruptcy Code § 1123(b)(3)(B) for purposes of the Avoidance Actions and Litigation Claims. In addition, in accordance with Bankruptcy Code section 1123(b)(3)(B), Section 7.2 of the Plan appropriately provides that Reorganized Accipiter has the sole authority to prosecute, defend, compromise, settle, and otherwise deal with any Avoidance Actions and Litigation Claims, and does so in its capacity as a representative of the Estate in accordance with Bankruptcy Code § 1123(b)(3)(B). No Avoidance Actions or Litigation Claims will be brought by Reorganized Accipiter against the holders of Claims listed on the Claims Schedule. Reorganized Accipiter will pay the fees and costs associated with litigating the Avoidance Actions and the Litigation Claims. Reorganized Accipiter has sole discretion to determine in its business judgment which Avoidance Actions and Litigation Claims to pursue, which to settle, and the terms and conditions of those settlements. The provisions regarding the preservation of Litigation Claims and Avoidance Actions in the Plan are appropriate, fair, equitable and reasonable, and are in the best interests of the Debtor, the Estate and holders of Claims and Equity Interests.

k. **Additional Plan Provisions—Section 1123(b)(6).** The other discretionary provisions of the Plan are appropriate and consistent with the applicable provisions of the Bankruptcy Code, thereby satisfying section Bankruptcy Code 1123(b)(6).

l. **Bankruptcy Rule 3016(a).** The Plan is dated and identifies the Plan Proponents as the proponents submitting it, thereby satisfying Bankruptcy Rule 3016(a).

**L. Compliance with the Bankruptcy Code—Section 1129(a)(2)**

14. The Plan Proponents also have satisfied the requirements of Bankruptcy Code section 1129(a)(2). Specifically, the Debtor is an eligible debtor under Bankruptcy Code section 109, and the Plan Proponents are proper proponents of the Plan under Bankruptcy Code section 1121(a). The Plan Proponents have complied with all applicable provisions of the Bankruptcy Code, except as otherwise provided or permitted by orders of the Court, including Bankruptcy Code sections 1125 and 1126, the Bankruptcy Rules, the Local Rules, any applicable non-bankruptcy law, rule and regulation, the Disclosure Statement Order and all other applicable law, in transmitting the Solicitation Packages, and related documents and notices, and in soliciting and tabulating the votes on the Plan.

**M. Plan Proposed in Good Faith—Section 1129(a)(3)**

15. The Plan satisfies the requirements of Bankruptcy Code section 1129(a)(3). The Plan Proponents have proposed the Plan (including all documents necessary to effectuate the Plan) and the transactions contemplated in the Plan in good faith and not by any means forbidden by law. In so determining, the Court has examined the totality of the circumstances surrounding the filing of the Chapter 11 Case, the Plan itself, the process leading to approval of the Disclosure Statement, Confirmation of the Plan and the transactions to be implemented pursuant thereto. The Chapter 11 Case was filed, and the Plan was proposed, with legitimate and honest purposes, including (a) a restructuring of the Debtor's debt obligations and (b) preservation of the going concern value of the Debtor's businesses and maximization of value to creditors. The Plan Proponents' good faith is evident from the facts and record of the Chapter 11 Case, the Disclosure Statement, the record of the hearing on the Disclosure Statement, and the record of

the Confirmation Hearing and other proceedings held in the Chapter 11 Case. The Plan (including all documents necessary to effectuate the Plan) was negotiated in good faith and at arm's length among representatives of the Purchaser and the Committee and each of their respective professionals and other representatives. Further, the Plan's classification, exculpation, and injunction provisions have been negotiated in good faith and at arm's length, are consistent with Bankruptcy Code sections 105, 1122, 1123(b)(6), 1123(b)(3)(A), 1129 and 1142 and are each necessary for the Debtor's successful reorganization.

**N. Payment for Services or Costs and Expenses—Section 1129(a)(4)**

16. Any payment made or to be made by the Plan Proponents or by a person issuing securities or acquiring property under the Plan for services or for costs and expenses in connection with the Chapter 11 Case, or in connection with the Plan and incidental to the Chapter 11 Case, has been approved by, or is subject to the approval of, the Court as reasonable, thereby satisfying Bankruptcy Code section 1129(a)(4).

**O. Directors, Officers and Insiders—Section 1129(a)(5)**

17. The Plan Proponents have satisfied the requirements of Bankruptcy Code section 1129(a)(5). Section 5(h) of the Disclosure Statement discloses the identity and affiliations of the individuals proposed to serve as the Initial Board of Directors and the Initial Officers, and the identity and nature of any compensation for any insider who will be employed or retained by Reorganized Accipiter. The proposed directors and officers for Reorganized Accipiter are qualified, and the appointments to, or continuance in, such offices by the proposed directors and officers is consistent with the interests of the holders of Claims and Equity Interests and with public policy.

**P. No Rate Changes—Section 1129(a)(6)**

18. Bankruptcy Code section 1129(a)(6) is not applicable to the Chapter 11 Case. The Plan does not provide for any rate change that requires regulatory approval.

**Q. Best Interest of Creditors—Section 1129(a)(7)**

19. The Plan satisfies the requirements of Bankruptcy Code section 1129(a)(7). Section 8(c) of the Disclosure Statement and the liquidation analysis contained in Appendix 4 to the Disclosure Statement, and the other evidence related thereto in support of the Plan that was proffered and accepted at the Confirmation Hearing: (a) are reasonable, persuasive, credible and accurate as of the dates such analysis or evidence was prepared, presented or proffered; (b) utilize reasonable, customary and appropriate methodologies and assumptions; (c) have not been controverted by other evidence; and (d) establish that each holder of an Impaired Claim or Equity Interest either has accepted the Plan or will receive or retain under the Plan, on account of such Claim or Equity Interest, property of a value, as of the Effective Date, that is not less than the amount such holder would receive or retain if the Debtor was liquidated under chapter 7 of the Bankruptcy Code on such date.

**R. Acceptance by Certain Classes—Section 1129(a)(8)**

20. The Plan does not satisfy the requirements of Bankruptcy Code section 1129(a)(8) but is nevertheless confirmable because the Plan Proponents have satisfied the requirements of Bankruptcy Code sections 1129(a)(10) and 1129(b) to "cram down" the rejecting Classes, as set forth below. Specifically, Classes 1 and 2 are not impaired and thus deemed to accept the Plan. Classes 3 and 4, which are impaired, voted to accept the Plan by the requisite majorities. With respect to Class 5, which is both impaired and deemed to reject the Plan, the Plan Proponents cannot satisfy section 1129(a)(8) with respect to that Class.

**S. Treatment of Claims Entitled to Priority Under Bankruptcy Code Section 507(a)—Section 1129(a)(9)**

21. The Plan satisfies the requirements of Bankruptcy Code section 1129(a)(9). The treatment of Administrative Claims, Professional Fee Claims and Priority Tax Claims under Article II of the Plan satisfies the requirements of, and complies in all respects with, Bankruptcy Code section 1129(a)(9).

**T. Acceptance By At Least One Impaired Class—Section 1129(a)(10)**

22. The Plan satisfies the requirements of Bankruptcy Code section 1129(a)(10). As evidenced by the Ballot Report, the Voting Classes voted to accept the Plan by the requisite numbers and amounts of Claims, determined without including any acceptance of the Plan by any insider (as that term is defined in Bankruptcy Code section 101(31)), specified under the Bankruptcy Code.

**U. Feasibility—Section 1129(a)(11)**

23. The Plan satisfies the requirements of Bankruptcy Code section 1129(a)(11). The projections in Appendix 3.2 to the Disclosure Statement and the evidence supporting Confirmation of the Plan proffered, accepted and admitted into evidence by the Court at, or prior to, or in a declaration filed in connection with, the Confirmation Hearing, including, without limitation, the Kholmatov Declaration: (a) is reasonable, persuasive, credible and accurate as of the dates such analysis or evidence was prepared, presented or proffered; (b) utilizes reasonable and appropriate methodologies and assumptions; (c) has not been controverted by other evidence; (d) establishes that the Plan is feasible and Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization of Reorganized Accipiter or any successor to Reorganized Accipiter under the Plan, except as provided in the Plan; and (e) establishes that Reorganized Accipiter will have sufficient funds available to meet their obligations under the Plan.

**V. Payment of Fees—Section 1129(a)(12)**

24. The Plan satisfies the requirements of Bankruptcy Code section 1129(a)(12). All fees payable under 28 U.S.C. § 1930(a) as of the Effective Date are Administrative Claims. Section 2.02 of the Plan provides for the payment of all Administrative Claims (which includes fees payable under 28 U.S.C. § 1930(a) as of the Effective Date) on the Effective Date. Section 12.14 of the Plan provides that Reorganized Accipiter is responsible for paying any post-Effective Date fees arising under 28 U.S.C. § 1930(a).

**W. Non-Applicability of Certain Sections—Sections 1129(a)(13), (14), (15) and (16)**

25. Bankruptcy Code sections 1129(a)(13), 1129(a)(14), 1129(a)(15) and 1129(a)(16) do not apply to the Chapter 11 Case. The Debtor has no liability for retiree benefits or the payment of retiree benefits (as defined in Bankruptcy Code section 1114), do not owe any domestic support obligations, are not individuals and are not nonprofit corporations.

**X. Fair and Equitable Treatment; No Unfair Discrimination—Section 1129(b)**

26. The Plan is fair and equitable and does not unfairly discriminate with respect to the treatment of Claims and Equity Interests and thus satisfies Bankruptcy Code section 1129(b) in all respects. Specifically, the Plan satisfies Bankruptcy Code section 1129(b)(2) because (a) the Plan provides for a full recovery for holders of Claims in Classes 1 and 2, (b) holders of Claims in the Voting Classes (Classes 3 and 4) have consented to receive their respective treatment under the Plan and (c) no holder of an Equity Interest in a Class junior to those in Class 5 will receive or retain any property under the Plan. In addition, the Plan's treatment of Claims and Equity Interests is proper, as similarly-situated creditors will receive substantially similar treatment irrespective of class, and the respective distributions and treatments under the Plan take into account and conform to the relative priority and rights of the Claims and Equity Interests in each Class. Notwithstanding the Plan Proponents' inability to satisfy Bankruptcy Code section 1129(a)(8), the Plan is still confirmable because it meets all the applicable requirements of Bankruptcy Code section 1129(a) other than section 1129(a)(8), does not discriminate unfairly and is fair and equitable with respect to the Class of Equity Interests (Class 5) that is impaired and has not accepted the Plan.

**Y. Only One Plan—Section 1129(c)**

27. The Plan satisfies the requirements of Bankruptcy Code section 1129(c). The Plan is the only chapter 11 plan that was both filed and solicited in the Chapter 11 Case.

**Z. Principal Purpose of the Plan—Section 1129(d)**

28. The principal purposes of the Plan are (a) the reorganization of the Debtor as a going concern and (b) the maximization of the value of the Estate, all of which are for the benefit

of creditors. No party in interest has requested that the Court deny Confirmation of the Plan on the grounds that the principal purpose of the Plan is the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933 (as amended, and including the rules and regulations promulgated thereunder, the "**Securities Act**"). In addition, the principal purpose of the Plan is not such avoidance. The Plan thus satisfies the requirements of Bankruptcy Code section 1129(d).

**AA. Good Faith Solicitation—Section 1125(e)**

29. Each of the Debtor, the Committee, the Purchaser, Reorganized Accipiter, and any of their respective members, officers, directors, employees, advisors, professionals, or agents (collectively, the "**Exculpated Parties**") have acted in "good faith" within the meaning of Bankruptcy Code section 1125(e) and in compliance with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules in connection with, related to, or arising out of, the Chapter 11 Case, the pursuit of confirmation of the Plan, the consummation of the Plan, or the administration of the Plan or the property to be distributed under the Plan. As a result, such parties have no liability to any holder of a Claim or Equity Interest for any post-petition act or omission in connection with, related to, or arising out of, the Chapter 11 Case, the pursuit of confirmation of the Plan, the consummation of the Plan, or the administration of the Plan or the property to be distributed under the Plan, except for willful misconduct, a breach of fiduciary duty arising from something more wrongful than mere negligence, gross negligence, or fraud, and such parties are entitled to the protections afforded by Bankruptcy Code section 1125(e).

**BB. Satisfaction of Confirmation Requirements**

30. Based on the foregoing, the Plan satisfies the requirements for Confirmation set forth in Bankruptcy Code section 1129.

**CC. Likelihood of Satisfaction of Conditions Precedent to the Effective Date**

31. Each of the conditions precedent to the Effective Date, as set forth in Section 8.2 of the Plan, has been or is reasonably likely to be satisfied or waived in accordance with Section 8.3 of the Plan.

**DD. Implementation**

32. All documents necessary to implement the Plan, including those contained in the Plan Supplement, and all other relevant and necessary documents have been negotiated in good faith and at arm's length and shall, upon completion of documentation and execution, be valid, binding and enforceable agreements and shall not be in conflict with any applicable law, rule or regulation.

**EE. Disclosure of Facts**

40. The Plan Proponents have disclosed all material facts regarding the Plan.

**FF. Good Faith**

41. The Plan Proponents, the Debtor, Reorganized Accipiter and the Exculpated Parties have been and will be acting in good faith if they proceed to: (a) consummate the Plan and the agreements, settlements, transactions and transfers contemplated thereby and (b) take the actions authorized and directed by this Confirmation Order.

**GG. Retention of Jurisdiction**

42. The Court may properly retain jurisdiction over the matters set forth in Section 10.1 of the Plan and/or Bankruptcy Code section 1142.

**HH. Waiver of Bankruptcy Rule 3020(e)**

43. Based on the business exigencies in the Chapter 11 Case, it is appropriate for the 14- day stay imposed by Bankruptcy Rule 3020(e) to be waived.

IT IS HEREBY ORDERED, ADJUDGED, DECREED AND DETERMINED THAT:

**CONFIRMATION OF THE PLAN**

1. **Findings of Fact and Conclusions of Law.** The above-referenced findings of fact and conclusions of law are hereby incorporated by reference as though fully set forth herein and shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable herein by Bankruptcy Rule 9014. To the extent any of the following

conclusions of law shall be determined to be a finding of fact, it shall be so deemed, or any of the following findings of fact shall be determined to be a conclusion of law, it shall be so deemed.

2. **Confirmation of the Plan.** The Plan, including each of the documents that comprise the Plan Supplement, is approved and confirmed under Bankruptcy Code section 1129 with respect to the Debtor. The documents contained in the Plan Supplement (including any amendments, modifications and supplements thereto and documents referred to in such papers consistent with the Plan) and execution, delivery and performance thereof by the Plan Proponents and the Debtor are authorized and approved. The terms of the Plan, including the Plan Supplement, are incorporated by reference into and are an integral part of this Confirmation Order.

3. **Objections.** All objections, responses to, statements, comments and reservations of rights, if any, in opposition to, the Plan, other than those withdrawn with prejudice in their entirety prior to, or on the record at, the Confirmation Hearing, shall be, and hereby are, overruled in their entirety or are otherwise resolved as incorporated herein.

**IMPLEMENTATION OF THE PLAN**

4. **Sources of Cash for Plan Distributions**. All Cash necessary for Reorganized Accipiter to make payments pursuant to the Plan shall be obtained from existing Cash balances of the Debtor and Reorganized Accipiter (including the payment of the Purchase Price by the Purchaser) and the operations of the Debtor or Reorganized Accipiter, as applicable. Cash payments on account of Allowed Claims under the Plan and any Cure required under Section 5.03 of the Plan, are made from Reorganized Accipiter's Cash.

5. **Exit Facility**. On the Effective Date, Reorganized Accipiter shall enter into the Exit Facility. The Exit Facility shall be substantially in the form, or on the terms, set forth in the Plan Supplement, and shall be in form and substance acceptable to the Purchaser. Among other terms, the security granted by Reorganized Accipiter to the lender in connection with the Exit

Facility shall include a specific and limited lien subordination on the Office Building. Such Office Building lien shall be provided as security for the Installment Payments required to be made to the holders of General Unsecured Claims under Article 3.04 of the Plan.

6. **Restructuring Transactions**. On the Effective Date, 100% of the New Common Stock for Reorganized Accipiter will be issued to the Purchaser in exchange for the Purchase Price pursuant to the terms of the Plan. As of the Effective Date, Reorganized Accipiter shall be deemed to have assumed and to have agreed to pay, perform and satisfy all liabilities that become Allowed Claims that are to receive distributions and are not discharged under the Plan

7. **Formation of the Unsecured Creditor Trust**. On the Effective Date, the Unsecured Creditor Trust shall be formed in order to hold the lien granted on behalf of Class 4 unsecured creditors to secure the Installment Payments. The Committee has selected Christopher Linscott to be the Unsecured Creditor Trustee. The Deed of Trust and Assignment of Rents was filed as part of the Plan Supplement.

8. **Restated Governance Documents**. As of the Effective Date and without any further action by the directors of the Debtor or Reorganized Accipiter, the Debtor's corporate governance documents are amended and restated substantially in the forms of the Restated Governance Documents. The Restated Governance Documents, among other things, authorize the issuance of the New Common Stock and prohibit (to the extent required by Bankruptcy Code § 1123(a) and (b)) the issuance of non-voting equity securities. After the Effective Date, Reorganized Accipiter may amend its corporate governance documents as permitted by applicable law.

9. **Necessary Documents/Information**. The Debtor and Reorganized Accipiter and their officers and directors are authorized, empowered and directed to sign any documents necessary to effect any provision of the Plan, including any such documents reasonably requested by the Purchaser. The Debtor and its officers and directors are expressly authorized

and directed to deliver to the Purchaser documentation evidencing the minimum Cash on hand balance and the Net Working Capital when requested by the Purchaser. The Debtor and its officers and directors are authorized and directed to provide the Purchaser with reasonable and prompt access to the Debtor's employees and records and, promptly, with all relevant information pertaining to the Debtor's operations, to assist with the closing of the transactions contemplated in the Plan when requested by the Purchaser. Notwithstanding anything to the contrary herein, the Debtor and its officers and directors are authorized, empowered and directed (a) to take all actions in order to consummate the terms of this Plan and the transactions hereunder including, without limitation, making all necessary applications, requests, notices and other filings and notifications (collectively, the "**Regulatory Filings**") to obtain or maintain all FCC Approvals and State PUC Approvals and (b) to execute any such other documents or filings prior to the Effective Date required, or reasonably requested by the Purchaser, to consummate the transactions contemplated in the Plan. For the avoidance of doubt, the Regulatory Filings made by the Debtor shall be in form and substance acceptable to the Purchaser. Further, the Purchaser shall act in good faith in making such Regulatory Filings and shall use commercial reasonably efforts to obtain the FCC Approvals and State PUC Approvals as promptly as is practicable and permitted under applicable law.

10. **Cancellation of Instruments and Agreements**. On the Effective Date, all agreements, instruments, and other documents relating to any Equity Interests, including the Equity Interests themselves, automatically terminate such that all obligations under all such agreements, instruments, and other documents are deemed fully and finally extinguished.

11. **Dismissal of Adversary Proceeding**. Prior to the Effective Date, the Bankruptcy Court shall enter an order dismissing the Adversary Proceeding with prejudice, which dismissal shall become effective only upon the Effective Date and payment of the Purchase Price, and the Committee and RUS shall lodge the stipulated Order dismissing the Adversary Proceeding and shall each execute and deliver agreed upon written releases of the other parties to the Adversary

Proceeding which shall be limited to their claims asserted in the pleadings in the Adversary Proceeding and effective only upon the Effective Date and payment of the Purchase Price.

12. **Effecting Documents; Further Transactions; Timing**. The Debtor and Reorganized Accipiter and all other parties any agreement or instrument to be executed under the Plan must, as of the Effective Date and without further order of the Bankruptcy Court, execute, deliver, file, or record all contracts, instruments, releases, and other agreements or documents contemplated in the Plan, and take all actions necessary or appropriate to effect and further evidence the terms of the Plan. All transactions required to occur on the Effective Date under the terms of the Plan are deemed to have occurred simultaneously. RUS shall execute any release and/or other necessary documents to evidence and effectuate the release of its liens that the Purchaser reasonably requests.

13. **No Corporate Action Required**. As of the Effective Date, (a) the adoption, execution, delivery, and implementation of all documents, contracts, leases, instruments, releases, and other agreements related to or contemplated by the Plan, and (b) the other matters provided for under, or in furtherance of, the Plan involving corporate action required of the Debtor, are deemed to have occurred, are effective, binding, and enforceable in accordance with their respective terms, and are deemed authorized and approved in all respects without further order of the Bankruptcy Court or any further action by the Debtor's officers, directors, or shareholders.

14. **Post-Effective Date Management.** On the Effective Date or as soon as reasonably practicable thereafter, the directors and officers identified in Section 4.11 of the Plan shall serve as Initial Board of Directors and Initial Officers. After the Effective Date, the corporate governance and management of the Reorganized Accipiter shall be determined by the board of directors in accordance with the laws of the applicable state of organization.

15. **Vesting of Assets.** Except as provided in the Plan or this Confirmation Order, all property of the Estate vests in Reorganized Accipiter on the Effective Date free and clear of all Liens and Claims existing before the Effective Date. From and after the Effective Date, Reorganized Accipiter may use and dispose of its property free of any restrictions of the Bankruptcy Code, including the employment of, and payment to, Professionals except as otherwise provided in the Plan or the Confirmation Order.

16. **Governmental Approvals Not Required.** Except as otherwise stated in the Plan, this Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any state or other governmental authority with respect to the dissemination, implementation or consummation of the Plan, the Disclosure Statement, any documents, instruments or agreements, and any amendments or modifications thereto, and any other transactions referred to in, or contemplated by, the Plan and the Disclosure Statement, without any requirement for further action by the Plan Proponents or the Debtor.

17. **Section 1145 Exemption.** In accordance with Bankruptcy Code § 1145, the issuance of the New Common Stock under the Plan is exempt from all federal, state, or local law requiring registration for offer or sale of a security or registration or licensing of an issuer of, underwriter of, or broker or dealer in a security.

18. **Exemption from Transfer Taxes.** To the fullest extent permitted by Bankruptcy Code § 1146(a): (a) the issuance, distribution, transfer, and exchange of assets or property of the Estate; (b) the execution, assignment, modification, or recording of any lease or sublease; and (c) the execution, delivery, or recording of a deed or other instrument of transfer under, in furtherance of, or in connection with, the Plan, the Confirmation Order, or any transaction contemplated above, or any transactions arising out of, contemplated by, or in any way related to, the foregoing are not subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, or real estate transfer tax, or other similar tax or governmental assessment and the appropriate state or local government officials or agents are

directed to forego the collection of any such tax or assessment and to accept for filing or recordation any of the foregoing instruments or other documents without the payment of any such tax or assessment.

19. **Dissolution of the Committee.** The Committee shall continue in existence until the Effective Date to exercise those powers and perform those duties specified in Bankruptcy Code section 1103 and shall perform such other duties as it may have been assigned by the Bankruptcy Court prior to the Effective Date. On the Effective Date, the Committee shall be dissolved and the Committee's members shall be deemed released of all their duties, responsibilities and obligations in connection with the Chapter 11 Case or the Plan and its implementation, and the retention or employment of the Committee's Professionals shall terminate.

## AVOIDANCE ACTIONS, LITIGATION CLAIMS

20. **Retention and Reservation.** All Avoidance Actions and Litigation Claims are retained and reserved for Reorganized Accipiter, which is designated as the Estate's representative under Bankruptcy Code § 1123(b)(3)(B) for purposes of the Avoidance Actions and Litigation Claims, in accordance with Article 7 of the Plan and the Plan Supplement.

21. **Prosecution**. Reorganized Accipiter has the sole authority to prosecute, defend, compromise, settle, and otherwise deal with any Avoidance Actions and Litigation Claims, and does so in its capacity as a representative of the Estate in accordance with Bankruptcy Code § 1123(b)(3)(B). Reorganized Accipiter will pay the fees and costs associated with litigating the Avoidance Actions and the Litigation Claims. Reorganized Accipiter has sole discretion to determine in its business judgment which Avoidance Actions and Litigation Claims to pursue, which to settle, and the terms and conditions of those settlements. No Avoidance Actions or Litigation Claims will be brought by Reorganized Accipiter against the holders of Claims listed on the Claims Schedule.

## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

22. **Assumption of Executory Contracts and Unexpired Leases.** In accordance with Article V of the Plan, all executory contracts and unexpired leases will be deemed rejected as of the Effective Date in accordance with the provisions and requirements of sections 365 and 1123 of the Bankruptcy Code except those executory contracts and unexpired leases that (i) are designated as an exhibit to the Plan Supplement as assumed, (ii) have been assumed by a separate Final Order of the Bankruptcy Court, (iii) are the subject of a motion to assume pending on the Effective Date or (iv) are assumed pursuant to the terms of the Plan. The listing of a document in the Plan Supplement shall not constitute an admission by the Debtor or the Plan Proponents that such document is an executory contract or an unexpired lease or that the Debtor or Reorganized Accipiter has any liability thereunder. Unless a party to an executory contract or lease listed on the Schedule of Assumed Contracts and Leases filed in the Plan Supplement timely filed an objection to the Cure amount, the Cure amount listed on the Schedule of Assumed Contracts and Leases will govern and payment of such Cure amount by Reorganized Accipiter will constitute a cure of all monetary defaults under such executory contract or lease.

23. **Rejection Claims Bar Date.** All Rejection Claims must be filed by the Rejection Claims Bar Date. Any Rejection Claim not filed by the Rejection Claims Bar Date is forever barred. All Rejection Claims are General Unsecured Claims under the Plan. With respect to any executory contract or unexpired lease rejected by the Debtor before the Effective Date, the deadline for filing a Rejection Claim remains the deadline set forth in the order of the Bankruptcy Court authorizing that rejection. If the order did not contain such a deadline, the deadline for filing a Rejection Claim is 30 days after the Effective Date.

24. **Administrative Claims Bar Date.** All requests for payment of an Administrative Claim (other than a Professional Fee Claim) must be served (i) if prior to the Effective Date, on the Debtor and the Plan Proponents or (ii) on or after the Effective Date, Reorganized Accipiter, and filed with the Bankruptcy Court no later than the Administrative Claims Bar Date. Any

holder of an Administrative Claim (other than a Professional Fee Claim) that fails to file and serve its request by the Administrative Claims Bar Date is forever barred from asserting its Administrative Claim against the Debtor or Reorganized Accipiter.

**RELEASES, INJUNCTIONS, STAYS**

25. **Discharge.** Except as provided in the Plan or the Confirmation Order: (a) the rights granted under this Plan and the treatment of Claims and Equity Interests under this Plan are in exchange for and in complete satisfaction, discharge, and release of, all Claims including any interest accrued on any Claim from the Petition Date; and (b) confirmation of this Plan discharges the Debtor and Reorganized Accipiter from all Claims or other debts that arose before the Effective Date to the fullest extent allowed under Bankruptcy Code § 1141(a), (b), (c), and (d)(1).

26. **Pre-Effective Date Injunctions or Stays.** All injunctions or stays, whether by operation of law or by order of the Bankruptcy Court, provided for in the Chapter 11 Case pursuant to Bankruptcy Code sections 105 or 362 or otherwise that are in effect on the Confirmation Date shall remain in full force and effect until the Effective Date.

27. **Injunction and Exculpation Provisions Under the Plan.** The release, injunctions and exculpation provisions set forth in Sections 9.3 and 9.4 of the Plan are approved and authorized in their entirety, and such provisions shall be effective and binding on all Persons and Entities to the extent provided in the Plan.

28. **Indemnification Obligations.** Any obligation of the Debtor to indemnify any Person serving as a fiduciary of any employee benefit plan of the Debtor under charter, bylaws, contract, or applicable state law is an executory contract and is rejected as of the Effective Date. Any obligation of the Debtor to indemnify, reimburse, or limit the liability of any Person, including any officer or director of the Debtor, or any agent, professional, financial advisor, or underwriter of any securities issued by the Debtor related to any acts or omissions occurring

before the Petition Date is rejected under the Plan as of the Confirmation Date if the Effective Date occurs. Any Claim resulting from these rejections in favor of any Person must be filed by the Rejection Claims Bar Date and constitutes a General Unsecured Claim. Notwithstanding any of the foregoing, nothing contained in the Plan or in this Confirmation Order affects the rights of any Person covered by an applicable D&O Policy with respect to such policy.

## PLAN CONSUMMATION AND EFFECTIVENESS

29. **Waiver of Stay.** For good cause shown, the stay of this Confirmation Order provided by Bankruptcy Rule 3020(e) is waived, and this Confirmation Order shall be effective and enforceable immediately upon its entry by the Court.

30. **Authorization to Consummate.** The Plan Proponents are authorized to consummate the Plan at any time after the entry of this Confirmation Order subject to satisfaction or waiver (by the required parties) of the conditions precedent to effectiveness set forth in Section 8.2 of the Plan.

31. **Failure of Consummation.** If the Effective Date does not occur, then nothing contained in the Plan shall (a) constitute a waiver or release of any Claims against or Equity Interests in the Debtor; (b) prejudice in any manner the rights of the holder of any Claim against, or Equity Interest in, the Debtor (c) prejudice in any manner any right, remedy or Claim of the Debtor; (d) be deemed an admission against interest by the Debtor; or (e) constitute a settlement, implicit or otherwise, of any kind whatsoever.

32. **Substantial Consummation.** On the Effective Date, the Plan shall be deemed to be substantially consummated under Bankruptcy Code sections 1101 and 1127, notwithstanding any post-Effective Date, non-material, technical modifications thereto.

33. **Notice of Confirmation.** In accordance with Bankruptcy Rules 2002 and 3020(c), the Plan Proponents shall serve notice of entry of this Confirmation Order, substantially

in the form attached hereto as **Exhibit A** (the "**Confirmation Order Notice**"), on the "core" notice parties and all holders of Claims and Equity Interests and within ten (10) Business Days after the date of entry of this Confirmation Order. The form of the Confirmation Order Notice is hereby approved in all respects.

34. **Notice of Effective Date.** The Plan Proponents shall file with the Bankruptcy Court a notice of the occurrence of the Effective Date within 3 business days after the conditions in Section 8.2 of the Plan have been satisfied or waived pursuant to Section 8.3, and the Effective Date has occurred (the "**Effective Date Notice**"). The Effective Date Notice shall be filed in the main Chapter 11 Case and the Adversary Proceeding. Notwithstanding the above, no notice of Confirmation or consummation or service of any kind shall be required to be mailed or made upon any Entity to whom the Plan Proponents mailed notice of the Confirmation Hearing, but received such notice returned marked "undeliverable as addressed," "moved, left no forwarding address" or "forwarding order expired," or similar reason, unless the Plan Proponents have been informed in writing by such Entity, or are otherwise aware, of that Entity's new address. The above-referenced notices are adequate under the particular circumstances of the Chapter 11 Case, and no other or further notice is necessary.

## OTHER MATTERS

35. **Binding Effect.** Upon the occurrence of the Effective Date, all provisions of the Plan are binding on, and inure to the benefit of, the Debtor and the holders of all Claims and Equity Interests and their respective successors and assigns. All agreements, instruments and other documents filed in connection with the Plan shall have full force and effect, and shall bind all parties thereto, subject to the occurrence of the Effective Date, upon the entry of the Confirmation Order, whether or not such exhibits actually shall be executed by parties other than the Plan Proponents or the Debtor, or shall be issued, delivered or recorded on the Effective Date or thereafter. The rights, benefits and obligations of any entity named or referred to in the Plan

shall be binding on, and shall inure to the benefit of, any heir, executor, administrator, successor or assign of such entity.

36. **Severability.** If the Bankruptcy Court or any appellate court finds the Plan or any provision of the Plan to be invalid, illegal or unenforceable, or if the Bankruptcy Court cannot confirm the Plan under Bankruptcy Code § 1129, the Bankruptcy Court, at the Purchaser's request, with the consent of the Committee not to be unreasonably withheld, or Reorganized Accipiter's request, may retain the power to alter and interpret the Plan or any such provision to make it valid or enforceable to the maximum extent feasible, consistent with the original purpose of the provision held to be invalid or unenforceable, and such provision then becomes applicable as altered or interpreted. This Confirmation Order constitutes a judicial determination and provides that each term and provision of the Plan, as it may have been altered or interpreted in accordance with the foregoing, is valid and enforceable.

37. **Post-Confirmation Modifications.** After the Confirmation Date but before substantial consummation of the Plan as defined in Bankruptcy Code § 1101(2), the Plan Proponents or Reorganized Accipiter may, under Bankruptcy Code § 1127(b), institute proceedings in the Bankruptcy Court to remedy any defect or omission or reconcile any inconsistencies in the Plan, the Disclosure Statement, or the Confirmation Order, and any matters necessary to carry out the Plan's purposes as long as those proceedings do not materially and adversely affect the treatment of holders of Claims or Equity Interests under the Plan. The Plan Proponents or Reorganized Accipiter must serve prior notice of those proceedings in accordance with the Bankruptcy Rules or applicable order of the Bankruptcy Court.

38. **Applicable Non-Bankruptcy Law.** Pursuant to Bankruptcy Code sections 1123(a) and 1142(a), the provisions of this Confirmation Order, the Plan and related documents, or any amendments or modifications thereto, shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law, rule or regulation.

39. **References to and Omissions of Plan Provisions.** References to articles, sections and provisions of the Plan are inserted for convenience of reference only and are not intended to be a part of or to affect the interpretation of the Plan. The failure to specifically include or to refer to any particular article, section, or provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such article, section, or provision, it being the intent of the Court that the Plan be confirmed in its entirety and incorporated herein by this reference.

40. **Headings.** Headings utilized herein are for convenience and reference only, and do not constitute a part of the Plan or this Confirmation Order for any other purpose.

41. **Effect of Conflict.** This Confirmation Order supersedes any Court order issued prior to the Confirmation Date that may be inconsistent with this Confirmation Order, except as set forth in this paragraph. If there is any inconsistency between the terms of this Confirmation Order and the Plan (including any amendments thereto), the terms of this Confirmation Order shall govern and control. If there is any inconsistency between the terms of the Plan (including any amendments thereto), the terms of the Plan Supplement and the terms of this Confirmation Order, the terms of the Plan Supplement shall govern and control.

42. **Retention of Jurisdiction.** The Court may properly, and upon the Effective Date shall, to the full extent set forth in the Plan, retain jurisdiction over all matters arising out of, and related to, the Chapter 11 Case, including the matters set forth in Article X of the Plan and section 1142 of the Bankruptcy Code. If the Bankruptcy Court abstains from exercising, or declines to exercise, jurisdiction or is otherwise without jurisdiction over any matter arising out of the Plan or in the Chapter 11 Case, such abstention, refusal or failure of jurisdiction shall have no effect upon and shall not control, prohibit, or limit the exercise of jurisdiction by any other court having competent jurisdiction with respect to such matter.

*** * * SIGNED AND DATED ABOVE * * ***

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT ARIZONA**

| | |
|---|---|
| In re<br><br>ACCIPITER COMMUNICATIONS, INC., d/b/a ZONA COMMUNICATIONS,<br><br>Debtor. | Chapter 11<br>Case No. 2:14-bk-04372-GBN<br><br>**NOTICE OF ENTRY OF ORDER APPROVING SECOND AMENDED CHAPTER 11 PLAN OF REORGANIZATION PROPOSED BY PINPOINT HOLDINGS, INC. AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS** |

PLEASE TAKE NOTICE that, on December [14], 2016, the United States Bankruptcy Court for the District of Arizona entered the *Findings of Fact, Conclusions of Law and Order Approving the Second Amended Chapter 11 Plan of Reorganization Proposed by Pinpoint Holdings, Inc. and the Official Committee of Unsecured Creditors* (Docket No. ___) (the "**Confirmation Order**") confirming the *Second Amended Chapter 11 Plan of Reorganization Proposed by Pinpoint Holdings, Inc. and the Official Committee of Unsecured Creditors* (Docket No. 368) (the "**Plan**").

PLEASE TAKE FURTHER NOTICE that copies of the Plan, Confirmation Order, and any other related documents may be obtained by writing to counsel to the Committee: Alisa C. Lacey, or Christopher C. Simpson, Stinson Leonard Street LLP, 1850 North Central Avenue, Suite 2100, Phoenix, Arizona 85004, Alisa.Lacey@stinson.com or Christopher.Simpson@stinson.com. In addition, copies of any pleadings filed in this Chapter 11 Case remain on file with the Office of the Clerk of the Court and viewable through access to the PACER and ECF system.

December [__], 2016.

*/s/ Jared G. Parker*
Jared G. Parker
PARKER SCHWARTZ, PLLC
7310 North 16th Street, Suite 330
Phoenix, AZ 85020

Lisa G. Beckerman
Joanna Newdeck
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, NY 10036

*Counsel for Pinpoint Holdings, Inc.*

*/s/ Christopher C. Simpson*
Alisa C. Lacey
Christopher C. Simpson
STINSON LEONARD STREET LLP
1850 N. Central Avenue, Suite 2100
Phoenix, AZ 85004

*Counsel for the Official Committee of Unsecured Creditors*